**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4715

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALAN CLARK TOLLIVER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Thomas S. Kleeh, Chief District Judge.  (3:21-cr-00033-TSK-RWT-10)

Submitted:  July 25, 2023                              Decided:  July 27, 2023

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Charles T. Berry, CHARLES T. BERRY, ESQUIRE, Kingmont, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Clark Tolliver pled guilty to possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Tolliver to 74 months' imprisonment and 3 years' supervised release.  On appeal, Tolliver's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Tolliver's sentence is reasonable and whether his counsel in the district court rendered ineffective assistance.  Although notified of his right to do so, Tolliver has not filed a pro se supplemental brief.  The Government has declined to file a response brief.  Finding no error, we affirm.

We review Tolliver's sentence for reasonableness under a deferential abuse-of-discretion standard.  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [Sentencing G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).  We then review the substantive reasonableness of the sentence; that is, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (cleaned up).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  "Such a presumption can only be rebutted by showing

that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."
*Id.*

Our review of the record reveals that the district court accurately calculated Tolliver's advisory Guidelines range, listened to Tolliver's allocution, considered the parties' arguments and the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, Tolliver's sentence is procedurally reasonable. We further conclude that Tolliver's within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances.

With respect to Tolliver's claim that his counsel performed deficiently in negotiating the plea agreement, we do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). The present record does not conclusively demonstrate that counsel's performance was ineffective. Accordingly, Tolliver's claim is not cognizable on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Tolliver, in writing, of the right to petition the Supreme Court of the United States for further review. If Tolliver requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tolliver. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before this court and

argument would not aid the decisional process.

*AFFIRMED*